

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 25, 2021

**BY ECF**
The Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *United States v. Calvin Blair*, 20 Cr. 342 (GBD)

Dear Judge Daniels:

  The Government respectfully submits this letter in advance of the sentencing of the defendant, Calvin Blair. For the reasons explained below, the Government submits that a sentence within the stipulated guidelines range of 141 to 155 months' imprisonment (the "Stipulated Guidelines Range") would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

  **I.** **Offense Conduct and Procedural Background**

  On March 7, 2020, Calvin Blair committed a gunpoint robbery at a restaurant in the Bronx, New York (the "Restaurant"). During the robbery, Calvin Blair jumped over the counter in the Restaurant, pointed a silver firearm at several employees, and demanded money. (PSR ¶ 28.) While inside the Restaurant, Calvin Blair discharged a shot, which hit a wall in the Restaurant. (PSR ¶ 28.) Calvin Blair stole approximately $776 before leaving the Restaurant. (PSR ¶ 28.)

  On April 13, 2020, Calvin Blair and his co-defendant John Blair entered a cellphone store in the Bronx, New York (the "Cellphone Store") and committed an armed robbery. (PSR ¶¶ 13-26.) Specifically, after the defendants entered the Cellphone Store, Calvin Blair displayed a silver firearm, and both Calvin Blair and John Blair forced the two Cellphone Store employees to the back of the Cellphone Store and demanded money. (PSR ¶ 14.) While in the back of the Cellphone Store with the employees, John Blair and Calvin Blair took turns holding the firearm, and removing items from the safe in the back of the Cellphone Store. (PSR ¶ 15.) During this process, the defendants stole several cellphones, an Apple watch, headphones, and other cellphone-related items, totaling approximately $17,291.57. (PSR ¶¶ 15-16.) The defendants also stole approximately $851 in cash. (PSR ¶ 16.) Before exiting the Cellphone Store, the defendants sprayed the two employees with pepper spray. (PSR ¶ 15.)

Shortly after leaving the store, John Blair and Calvin Blair entered an Uber cab, but they they attempted to flee the cab when police arrived. (PSR ¶¶ 17-18.) Police apprehended John Blair as he was attempting to flee on foot. (PSR ¶ 19.) Police also collected a backpack, which contained items taken from the Cellphone Store, and a loaded silver revolver that John Blair had discarded while running. (PSR ¶¶ 19, 21.) An NYPD lab report revealed that the bullet that was discharged in the Restaurant came from the same firearm that John Blair discarded after the Cellphone Store robbery. (PSR ¶ 31.)

After the arrest, law enforcement officers seized and searched John Blair's cellphone, which revealed a conversation between John Blair and Calvin Blair in which they discussed the planning of the robbery of the Cellphone Store. (PSR ¶ 25.) The cellphone also contained a conversation from March 6, 2020, in which Calvin Blair asked John Blair for the "pole," which is believed to refer to a firearm. (PSR ¶ 30.)

Calvin Blair was eventually arrested by federal authorities on June 29, 2020. (PSR ¶ 33.)

On March 31, 2021, Calvin Blair pled guilty, pursuant to a plea agreement to Counts Two, Three, and Four of the Indictment, which charged him with two counts of Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2, and brandishing a firearm during an relation to a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2. Under the plea agreement, the total offense level, after accounting for acceptance of responsibility on Count Three, is 23. The defendant has five criminal history points, which places him in Criminal History Category III. In addition, Count Four carries a mandatory sentence of seven years. Accordingly, the Stipulated Guidelines Range is 141 to 155 months' imprisonment. Pursuant to the plea agreement, the defendant agreed to forfeiture in the amount of $18,918.57 and restitution in the amount of $18,918.57, minus the value at the time of sentencing of specific property seized in this case.

## II.     Discussion

### A.     Applicable Law

The Guidelines still provide important guidance to the Court following *United States v. Booker,* 543 U.S. 220 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker,* 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States,* 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted

sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(l)-(7).  *See Gall,* 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;
(C)   to protect the public from further crimes of the defendant;
(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.   The Court Should Impose a Sentence Within the Stipulated Guidelines Range**

While the Government does not dispute the difficult family circumstances that Calvin Blair faced during his childhood, as outlined in his sentencing submission, the Government believes a sentence within the Stipulated Guidelines Range would appropriately take into account the factors set forth in 18 U.S.C. § 3553(a).

First, a sentence within the Stipulated Guidelines Range is necessary to reflect the seriousness of the defendant's conduct, promote respect for the law, and to provide just punishment for the offense.  Calvin Blair committed two brazen armed robberies, involving civilians, in the span of two months in 2020.  During the first robbery, Calvin Blair discharged a firearm in the middle of a restaurant.  While thankfully no one was physically injured from the bullet or other conduct from Calvin Blair during that robbery, the employees of the Restaurant likely feared for their lives.  During the second robbery, Calvin Blair and his co-defendant took turns holding a loaded firearm at store employees while removing numerous items and cash from the Cellphone Store safe.  While neither Calvin Blair nor John Blair discharged the firearm during that robbery, the employees undoubtedly also feared for their lives during the robbery.  Moreover, before leaving the store, both Calvin Blair and John Blair sprayed pepper spray in the faces of the Cellphone Store employees, likely in attempt to prevent them from being able to later identify them as the robbers.

Second, a sentence within the Stipulated Guidelines Range is necessary to afford adequate deterrence to Calvin Blair and to protect the public from further crimes from Calvin Blair.  As detailed in the PSR, this is not Calvin Blair's first violent offense.  Indeed, in 2013, Calvin Blair was convicted in Bronx County Supreme Court of attempted murder after shooting a victim multiple times.  (PSR ¶ 72.)  For that crime, the Calvin Blair was sentenced to five years' imprisonment.  Despite that prior significant and serious charge, the defendant was not deterred from committing the instant robberies.  (PSR ¶ 72.)  Indeed, at the time of the instant offense, Calvin Blair was still on parole from that prior crime.  (PSR ¶ 74.)  Accordingly, a sentence with the Stipulated Guidelines Range is necessary to prevent Calvin Blair from committing further crimes.

Third, a sentence within the Stipulated Guidelines range would also avoid the need for unwarranted sentencing disparities between Calvin Blair and his co-defendant John Blair. As the Court is aware, John Blair pled guilty to one count of Hobbs Act robbery and one count of possessing a firearm in furtherance of a crime of violence, which carried a mandatory minimum sentence of 60 months. Because John Blair had no prior criminal history points, he was in criminal history category I and faced a Stipulated Guidelines Range of 84 to 90 months. At sentencing, the Court sentenced John Blair to 60 months' imprisonment. In his sentencing submission, Calvin Blair argues that John's and Calvin's culpability is "similar." (Def. Letter at 24.) The Government disagrees with this assessment for two reasons. First, Calvin, unlike John, actually entered the Restaurant where the first robbery was committed, and, during that robbery, discharged a firearm, which could have killed someone. Second, at the time of the instant offense, Calvin, unlike John, had served a five-year sentence for a prior serious conviction, *and* he was on parole for that prior conviction. Unfortunately, that prior five-year term of imprisonment did not deter Calvin from committing the instant serious crimes, and accordingly a longer term of imprisonment, within the Stipulated Guidelines range, is warranted here.

### III. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Stipulated Guidelines Range of 141 to 155 months' imprisonment.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney


by:  /s/ Rebecca T. Dell
Rebecca T. Dell
Assistant United States Attorney
(212) 637-2198

cc:    Stephanie Carvlin, Esq. (ECF)